IN THE SUPREME COURT OF THE STATE OF DELAWARE

JULIUS A. STINSON, § 
§ No. 226, 2023
　Defendant Below, §
　Appellant, § Court Below–Superior Court
§ of the State of Delaware
　v. §
§ Cr. ID No. 1808017048 (N)
STATE OF DELAWARE, §
§
　Appellee. §

Submitted: September 26, 2023
Decided: December 7, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)　The appellant, Julius A. Stinson, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Stinson's opening brief that his appeal is without merit. We agree and affirm.

(2)　In March 2019, Stinson pleaded guilty to one count of second-degree assault and one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"). Following a presentence investigation, the Superior Court sentenced Stinson as follows: for second-degree assault, to eight years of

incarceration, suspended after three years followed by decreasing levels of supervision; and for PDWDCF, to twenty-five years of incarceration, suspended after two years for eighteen months of Level III probation. Stinson did not appeal his convictions or sentence.

(3) In May 2023, Stinson's probation officer filed a VOP report alleging that Stinson had violated the terms of his probation while he was housed at the Sussex County Work Release Center ("Work Release"). Specifically, the VOP report claimed that Stinson had committed program violations when he: (i) made disrespectful comments about Work Release staff while on a phone call, (ii) possessed contraband, and (iii) failed to obey orders issued by Work Release staff. At the June 7, 2023 VOP hearing, Stinson admitted to violating the terms of his probation by possessing contraband. The Superior Court re-sentenced Stinson for PDWDCF to twenty-three years of incarceration, suspended after one year for eighteen months of Level III probation.[1] This appeal followed.

(4) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[2] Specifically, the Superior Court need only be satisfied that "the conduct of the probationer has

---

[1] As to Stinson's assault conviction, the Superior Court discharged him from probation as unimproved.
[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

not been as good as required by the conditions of probation."[3]  Once the Superior Court determines that a defendant has violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[4]

(5)    In his opening brief on appeal, Stinson arguments may be fairly summarized as follows: (i) he had a constitutionally protected right to complain about Work Release staff to his family; (ii) he had a constitutional right to finish praying before following a staff member's directions; (iii) his possession of contraband was not a program violation; and (iv) his VOP counsel was ineffective. Stinson's claims are unavailing.

(6)    Stinson's first two arguments lack merit because it is clear from the VOP hearing transcript that the Superior Court found that Stinson had violated the terms of his probation on the basis of his admission that he had possessed contraband—that is, the Superior Court did *not* find that Stinson violated the terms of his probation by speaking negatively about Work Release staff or by failing to obey orders issued by them.  Stinson's claims regarding those alleged violations are therefore irrelevant to this appeal.

---

[3] *Id.* (citation omitted).
[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

3

(7)    Stinson next argues that his possession of contraband was not a Work Release program violation because he surrendered the contraband—which he claims that he found on Work Release grounds—and did not possess it for his own personal enjoyment.  Stinson is mistaken.  In his opening brief, Stinson states that he turned in the items to Work Release staff because he "thought this was the only way to get back before his sentencing judge."[5]  Contrary to Stinson's position, his motivation for possession of contraband does not negate the fact that he possessed the contraband in violation of Work Release rules.  The Superior Court therefore did not abuse its discretion when it relied on Stinson's admission to possession of contraband to find that he had violated the terms of his probation.

(8)    Finally, this Court generally does not consider ineffective-assistance-of-counsel claims for the first time on direct appeal, and we decline to do so here.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] Opening Br. at 9.
[6] *See Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

4